**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1361-24

ZAIRE SMITH,

      Appellant,

v.

NEW JERSEY DEPARMENT
OF CORRECTIONS,

      Respondent.

_____

Submitted April 22, 2026 – Decided May 8, 2026

Before Judges Mayer and Vanek.

On appeal from the New Jersey Department of Corrections.

Zaire Smith, self-represented appellant.

Jennifer Davenport, Attorney General, attorney for respondent (Janet Greenberg Cohen, Assistant Attorney General, of counsel; Joseph D. Sams, Deputy Attorney General, on the brief).

PER CURIAM

Zaire Smith, an incarcerated individual at Northern State Prison (NSP), appeals from a final agency decision by New Jersey Department of Corrections (DOC) finding him guilty of prohibited act *.053 for indecent exposure under N.J.A.C. 10A:4-4.1(b)(vi).  We affirm.

I.

On October 8, 2024, at approximately 2:30 p.m., Smith called the facility's mental health clinician to his cell door to speak with her and she observed him "exposing and stroking his penis."  The clinician stated Smith continued even after she told him the behavior was inappropriate.  No one else witnessed Smith's actions. The clinician reported the incident the next day at 2:45 p.m.

The DOC's "Special Custody Report" and the "Disciplinary Report" referenced both the October 8 and 9 dates, and stated a shift commander authorized further action on October 10.  On October 11, 2024, at approximately 10:44 a.m., Smith was served with the Disciplinary Report.

Smith pleaded not guilty to the charge of committing prohibited act *.053 and counsel-substitute was appointed to assist him.  The assigned Departmental Hearing Officer (the DHO) scheduled a hearing for October 16, 2024 but postponed it in response to Smith's request for video footage of the infirmary.  The DOC investigated and found there was no video footage.  On October 24,

2024, Smith's request to confront the mental health clinician was granted and the hearing was again adjourned to allow Smith time to prepare his confrontation questions.

The DHO conducted the hearing on October 29, 2024. Smith declined to present any witnesses on his behalf. In his defense, he stated "I was in [my] room. I wasn't jerking off. Why did she look if I was jerkin?" The DHO reviewed the clinician's statement, Smith's explanation, the reports, and Smith's confrontation questions along with the clinician's answers. Smith's counsel-substitute requested leniency.

The DHO concluded Smith received due process and failed to present evidence to disprove the charge. Based on the evidence in the record, the DHO found Smith guilty and imposed sanctions.

On November 14, 2024, Smith appealed the DHO's decision. His counsel-substitute submitted a legal position letter with the appeal, arguing the guilty finding was not supported by "substantial evidence" and Smith had not been afforded due process because written notification was served more than forty-eight hours after the incident. Counsel-substitute also argued the DOC failed to demonstrate "exceptional circumstances" for the delay in serving the Disciplinary Report on Smith.

On November 22, 2024, an assistant superintendent upheld the DHO's decision and denied Smith's plea for leniency. The "Disposition of Disciplinary Appeal" stated the decision was based upon substantial evidence and that Smith had provided no evidence to establish he was not guilty of the charge.

On appeal, Smith argues the DOC erred in refusing to dismiss the charge because the Disciplinary Report was not served on him within forty-eight hours of the violation as required under N.J.A.C. 10A:4-9.2 and there were no "exceptional circumstances" to justify the delay. In addition to violation of his procedural due process rights, Smith contends the record lacks substantial evidence supporting the charge because it was predicated solely on the clinician's testimony. We review Smith's arguments in turn.

II.

Our review of an agency's decision is limited. Mejia v. N.J. Dep't of Corr., 446 N.J. Super. 369, 376 (App. Div. 2016). Our role "is limited to determining: (1) whether the [DOC]'s decision conforms with relevant law; (2) whether the decision is supported by substantial[,] credible evidence in the record; and (3) whether, in applying the law to the facts, the [DOC] clearly erred in reaching its conclusion." Conley v. N.J. Dep't of Corr., 452 N.J. Super. 605, 613 (App. Div. 2018) (citing In re Stallworth, 208 N.J. 182, 194 (2011)). We presume the

validity of the DOC's "exercise of its statutorily delegated responsibilities." Lavezzi v. State, 219 N.J. 163, 171 (2014). "We will disturb an agency's adjudicatory decision only upon a finding that the decision is 'arbitrary, capricious[,] or unreasonable' or is unsupported 'by substantial credible evidence in the record as a whole.'" Blanchard v. N.J. Dep't of Corr., 461 N.J. Super. 231, 237-38 (App. Div. 2019) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980)).

N.J.A.C. 10A:4-9.15(a) requires a finding of guilt on a disciplinary charge against an inmate to be based on "substantial evidence." "Substantial evidence has been defined alternatively as 'such evidence as a reasonable mind might accept as adequate to support a conclusion,' and 'evidence furnishing a reasonable basis for the agency's action.'" Blanchard, 461 N.J. Super. at 238 (quoting Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 191 (App. Div. 2010)). The substantial evidence standard permits an agency to apply its expertise where the evidence supports more than one conclusion. Berta v. N.J. State Parole Bd., 473 N.J. Super. 284, 302 (App. Div. 2022).

We review an agency's legal determination de novo. Conley, 452 N.J. Super. at 613. Our review is not "'perfunctory,' nor is 'our function . . . merely [to] rubberstamp an agency's decision.'" Blanchard, 461 N.J. Super. at 239

5

(alteration in original) (quoting Figueroa, 414 N.J. Super. at 192). Instead, we "engage in a 'careful and principled consideration of the agency record and findings.'" Ibid. at 237-38 (quoting Williams v. N.J. Dep't of Corr., 330 N.J. Super. 197, 204 (App. Div. 2000)). The party challenging an agency's decision bears the burden of proving it was "arbitrary, unreasonable[,] or capricious." In re M.M., 463 N.J. Super. 128, 136 (App. Div. 2020) (quoting McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 563 (App. Div. 2002)).

III.

Under our deferential standard of review, we are satisfied Smith's due process rights were not violated and the final agency decision, finding Smith guilty of the *.053 charge, was not arbitrary, capricious, or unreasonable. Stallworth, 208 N.J. at 194; In re Carter, 191 N.J. 474, 482-83 (2007).

The procedural protections afforded to prisoners before being subjected to disciplinary sanctions are limited. Avant v. Clifford, 67 N.J. 496, 522 (1975). An inmate's procedural rights include:

> (a) written notice of the claimed violations . . . ; (b) disclosure . . . of evidence . . . ; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross examine adverse witnesses . . . ; (e) a "neutral and detached" hearing body . . . ; and (f) a written statement by the factfinders as to the evidence relied on and reasons [for acting].

6

[Id. at 523 (first, second, and third omissions in original) (alteration in original) (quoting Morrissey v. Brewer, 408 U.S. 471, 488-89 (1972)).]

The inmate procedural rights identified in Avant are codified in N.J.A.C. 10A:4-9.1 to -9.28. Our Supreme Court has held these regulations "strike the proper balance between the security concerns of the prison, the need for swift and fair discipline, and the due-process rights of the inmates." Williams, 330 N.J. Super. at 203 (citing McDonald v. Pinchak, 139 N.J. 188, 194-95 (1995)).

When an inmate has committed a prohibited act as identified in the administrative code, the individual who witnessed it shall prepare a disciplinary report and forward it to the appropriate correctional supervisor. See N.J.A.C. 10A:4-9.1. Under N.J.A.C. 10A:4-9.2, "the disciplinary report shall be served upon the inmate within [forty-eight] hours after the violation unless there are exceptional circumstances" and then "the inmate shall have [twenty-four] hours to prepare his or defense."

N.J.A.C. 10A:4-9.9(a) states in part that "the failure to adhere to any of the time limits prescribed by this subchapter shall not mandate the dismissal of a disciplinary charge." However, a DHO has the discretion to dismiss a disciplinary charge based on violation of time limits upon consideration of: "(1) the length of the delay; (2) the reason for the delay; (3) prejudices to the inmate

7

in preparing [their] defense; and (4) the seriousness of the alleged infraction." Ibid.

The clinician did not report the incident involving Smith until the afternoon of October 9. The Disciplinary Report contained multiple dates—the incident date of October 8, the October 9 date the clinician reported the incident and the October 10 supervisor review. Thus, the October 11 service of the Disciplinary Report on Smith—less than twenty-four hours late—was justifiable based on exceptional circumstances.

Smith fails to identify any prejudice that resulted from the minimal delay in service of the charges. Jones v. N.J. Dep't of Corr., 359 N.J. Super. 70, 78 (App. Div. 2003), relied on by Smith, is distinguishable because his right to confrontation, cross-examination, and access to witnesses was in no way diminished through the process the DHO employed in adjudicating the charges.

We are unconvinced Smith's due process rights were violated by proceeding with the hearing—three weeks after the incident—because the less than twenty-four hour delay in serving the Disciplinary Report on Smith did not result in any prejudice to him. Considering the multiple dates in the Disciplinary Report and the less than twenty-four hour delay in service to Smith of the charge of indecent exposure to a female clinician, the DHO did not abuse his discretion

in proceeding with the hearing after granting two adjournments to allow Smith additional time to prepare.

We disagree with Smith's assertion that the record is devoid of substantial evidence supporting the final agency decision because the DHO relied on the clinician's personal observation without other "corroborating evidence." The clinician provided her description of Smith's behavior, including that Smith continued the indecent exposure even after being told his actions were inappropriate. We discern no error in the DHO's determination, which accepted the clinician's account of the incident over Smith's disavowal. Because the final agency decision was predicated on the DHO's findings, we affirm.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

9

A-1361-24